I represent Gary York, the defense of the petitioner in this case. This is an appeal from the Second State of Dismissal of a post-conviction petition in which the trial court found that the defendant had failed to set forth a claim of substantial violation of his constitutional rights. Now it's our position that Mr. York was denied the reasonable assistance of counsel where the certificate filed by post-conviction counsel did not comply with Rule 651C and the record does not affirmatively show that he complied with the rule. At issue is the original certificate that he filed. Post-conviction counsel cited the wrong Supreme Court rule when he filed his certificate and he failed to certify in that certificate that he had made the necessary amendments to Mr. York's petition for an adequate presentation of all of his claims. When a proper certificate is filed pursuant to Rule 651C there is a presumption that the petitioner has received the reasonable assistance of counsel. In this case we don't have a proper certificate so we cannot presume that reasonable assistance was provided. It's our position that under these circumstances that this clause should be remanded for either further amendment of Mr. York's petition if proper documentation can be found or for post-conviction counsel to file a proper certificate pursuant to Rule 651C. Unless the court has any further questions. Thank you, Your Honor. Thank you. Mr. Sweeney? Certainly the appellant has asserted that no proper certificate was filed. However his briefs never refer to what's actually in the certificate. It should be a tip-off to experienced appellate court justices as himself that if he did quote what was in the certificate his argument would not be as strong. I respectfully request that this court read the actual certificate in the record before deciding whether any remand is necessary. I think if you do you'll determine that no remand is in fact called for in this case. Now Rule 651C doesn't require that a certificate have any particular wording. In fact it doesn't even require that a certificate be filed at all. It simply says that the record shall contain a showing which may be made by certificate that the attorney has made any amendments to the petition filed pro se that are necessary for an adequate presentation of the petitioner's contention. Well that's what the certificate here does. It states that the defendant filed a proper post-conviction petition, that the counsel has consulted with defendant, that he had reviewed the court file on the record of prior proceedings, and it conferred with the defendant's previous attorney. However the record also shows that post-conviction counsel did amend the petition. So what the appellant is arguing is that even though the petition was in fact amended, counsel amended in a way which he did not think presented petitioner's contentions, which makes no sense at all. The fact that the petition was amended is a strong indication in the record that counsel did amend the petition in a way that he thought presented petitioner's contentions. However that's by the sixth and seventh paragraphs of the certificate which was in fact filed in this court. And you know we get a the worst habit of lawyers is to quote John Dryden, to torture one court award 10,000 ways. There was a certificate filed that were amendments made. The sixth and seventh paragraph of the certificate, all the only rational conclusion from it was, the only rational conclusion from the fact that amendments were made, was that counsel had made the amendments he thought were appropriate to present the petitioner's contentions. Now paragraph six states that I believe that I've been able to ascertain the defendant's contentions of error of the trial conviction and sentencing of the defendant in this cause. So counsel is saying in a certificate that he knows what the defendant is trying to say. And I needn't tell you the law is that amendments need only present the petitioner's original pro se petition and need not present new and different contentions. And the seventh paragraph says that I do believe that Mr. York is able to fully understand the legal system and that Mr. York has made a valid constitutional argument concerning errors in his trial, the sentence as made by the set seat judge in this cause, and the lack of formal counsel to argue the same before this court. So we know that the petition was amended. We know that the defendant's contentions made in the pro se petition, and we know that he asserts that the petition is amended, made a valid constitutional argument concerning alleged errors made by the sentencing judge at trial and at trial. So what does that mean? Well, it doesn't quote rule 651C verbatim. There's no requirement, I repeat, that the rule be quoted verbatim or even that a certificate be is that petitioner is a petitioner's post conviction counsel did confer with petitioner, did understand what a petitioner was trying to say, did amend the petition and certified that petition is amended, asserted the errors that Mr. York understood to have been committed at the trial and at sentencing. You know, we're trying to run a legal system here, not, you know, not engage in pointless semantics. And unless you engage in pointless semantics, the certificate filed in this case was adequate. For these reasons, we ask that the decision of the trial court be affirmed. Thank you. Any rebuttal? Counsel argues that the fact that the petition was amended shows that counsel amended the petition the way it was supposed to be amended, and there's no authority for that position. He still must certify or the record must show that he did what he, what was necessary for an adequate presentation of Mr. York's allegations that there was substantial mitigation regarding his hospitalizations and medical evidence. Counsel in this case didn't attach any of any of those documents to the petition. We don't know if there were any available because he didn't certify that he had amended it with, with what he could find. So all we're asking is that he either certify that he looked for it and couldn't find it, or that he amended the petition with it. And I won't belabor my response. Paragraphs six and seven don't say anything close to that counsel made the necessary amendments for an adequate presentation of Mr. York's allegations. And unless the court has any questions, that's all I have. No, no we don't. Thank you very much. Thank you. Thanks for making the trip from Springfield and presenting your argument today. We appreciate your briefs. We will try to attend to it promptly and get your decision. Thank you. The next case is People of the State of Illinois versus Stephanie McElroy. Uh, Mr. Corbyn, it looks like, uh, appellant's counsel has waived. Do you wish to make an argument? Briefly. You may proceed. The, uh, this is, uh, an appeal from the denial of the defendant's post-conviction petition at the third stage after an evidentiary hearing. Uh, the defendant seems to think that this is really at the second stage, but looking at the pleadings, uh, the motion that the, uh, people filed was a motion for denial and the order, the order that was given was a denial of the petition. And there was a hearing at which arguments presented on this motion. Um, in any event, you know, whether this court decides that this was a second stage petition dismissal or a third stage denial after an evidentiary hearing, the standard of review is the same. It's de novo. The only, in, in, in either event, the defendant failed to make a substantial, uh, claim of a, of a, uh, denial of constitutional right and failed to show it. Uh, the, uh, post-conviction petition relied on, uh, Arizona versus Gant. Um, Gant itself does not retroactively to matters, uh, uh, that are now pending on collateral review. It applied only to those matters that were pending on direct review at the time that Arizona versus Gant was decided. And that was on April 21st, 2009. This particular defendant was sentenced on February 27th, 2009. And she did, she took no appeal. Uh, so Gant clearly does not apply retroactively, but even if it did, there's no, uh, this, this doesn't make a, uh, entitled her to any relief. Gant doesn't because first of all, she was arrested for, uh, uh, illegal unlawful procurement of precursors. And it was reasonable to believe under Gant, the second, uh, of the two-part test is if the police have reason to believe that the vehicle contains evidence relevant to the crime of the arrest, uh, then they may search it. And in this case, the officers had observed, uh, their, what they knew that the other three, the all, the other two occupants, Beeson, who was the, uh, owner and driver of the van and the defendant herself had been, uh, on several, uh, CIDAFED logs, uh, for recent and numerous purchases. So, and they knew that the, the, uh, uh, other breed had gone in and had purchased CIDAFED. So when they followed the, uh, van to the end of the, of the long driveway, and it stopped at a residence, it wasn't a vehicle stop, uh, such as would be, uh, under Gant or statement. It, it wasn't a stop, uh, of the vehicle. It was an encounter between, uh, the officers and the occupants of the van as they got out. It was not a stop. So for that reason, Gant itself or statement wouldn't, uh, apply either. Uh, but they had, the, the defendant has, uh, had no reasonable expectation of privacy in the van itself because she wasn't the driver. She wasn't the owner. There was no evidence that she had any right to control or exclude or, or accept, uh, you know, exert any kind of possessory interest over that van. Uh, and that she had, I mean, there was no evidence that she had a reasonable expectation of privacy in the van. So she had no, uh, no basis for objecting to the search of the van. But, and it was searched incident to the rest under the applicable law at the time, uh, and there was nothing wrong with that. Um, and in, in, in searching the van, they found the crime of unlawful possession of, I mean, unlawful, uh, procurement of, um, methamphetamine precursors. So at that point in time, it was reasonable under Gant to think that there would have been more evidence of that crime inside of her purse. And it was proper to search the purse under Gant, um, even if, even though it was not exactly a, a traffic stop. Um, so the defendant has no basis for making a post-conviction, uh, complaint and this court should affirm the court's order denying the petition in the third stage. Thank you. Thank you. Um, we'll take the matter under advisement and, uh, provide you with the decision on the earliest possible. Uh,